UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANNY SANTIAGO CABEJE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:25-cv-00383-HBK

ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1]

(Docs. 11, 15)

Manny Santiago Cabeje ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act. (Doc. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Docs. 11, 15-16). For the reasons below, the Court orders this matter remanded for further administrative proceedings.

////

////

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. 20).

## I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits on October 8, 2019, alleging an onset date of August 21, 2019. (AR 210-13). Benefits were denied initially (AR 62-69, 83-87), and upon reconsideration (AR 71-81, 89-93). Plaintiff appeared before an Administrative Law Judge ("ALJ") on May 24, 2021. (AR 35-61). Plaintiff was represented by counsel, and testified at the hearing. (*Id.*). On June 28, 2021, the ALJ issued an unfavorable decision (AR 12-34), and on March 21, 2022 the Appeals Council denied review (AR 1-6).

On September 25, 2023, the United States District Court for the Eastern District of California remanded the case for further proceedings. (AR 964-76). On remand, Plaintiff appeared for a hearing before the ALJ on October 23, 2024. (AR 905-28). He testified with an interpreter and was represented by counsel. (*Id.*). The ALJ denied benefits. (AR 882-904).

The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## II. BACKGROUND

The administrative record, the ALJ's decision, and the parties' briefs set forth the relevant fact. The Court summarizes only those facts pertinent to this order.

At the second hearing, Plaintiff was 53 years old and had graduated from high school. (AR 908, 916). He lived with his wife in a one-bedroom studio and has no past relevant work. (AR 917, 923).

Plaintiff testified that he could walk approximately 10 feet without his cane, which he had begun using within the last year. (AR 916, 919). He estimated that he could lift and carry "maybe" 10 pounds, although doing so would be "hard." (AR 919). He further testified that he could stand or walk for approximately five minutes before needing to rest. (*Id.*). According to Plaintiff, numbness in his legs and back, shooting leg pain, and difficulty raising and moving his right shoulder limited his ability to stand and walk. (AR 919-20).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or

is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. SEQUENTIAL EVALUATION PROCESS

To be considered disabled, a claimant must satisfy two conditions. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d). If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable

of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 21, 2019, the alleged onset date. (AR 888). At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar spine degenerative disc disease with fusion hardware and right shoulder polyosteoarthritis. (AR 888). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of a listed impairment. (AR 889). The ALJ then found that, through the date last insured, Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except with the following limitations: He can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can sit for 8-hours in an 8-hour workday, but after 1 hour of sitting, he would need to stand for up to 3 minutes, while remaining on task; he can stand and/or walk for 6 hours in an 8-hour workday, but after 30 minutes of standing and/or walking, he would need to sit for up to 3 minutes, while remaining on task; he can occasionally operate foot controls with his bilateral lower extremities; he can occasionally climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he can have occasional exposure to work environments with extreme cold, or extreme wetness or humidity; he should avoid workplace hazards, such as moving machinery and unprotected heights; he can have occasional exposure to dusts, odors, fumes, gases, poor ventilation, and other pulmonary irritants; and he is limited to occasional overhead reaching with the dominant right upper extremity.

(AR 889-90). At step four, the ALJ found Plaintiff has no past relevant work. (AR 894). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including cashier II, marker, and assembler, small products I. (AR 895). On that basis, the ALJ

concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 21, 2019, through the date of the decision. (AR 896).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act. (Doc. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims; and
2. Whether the ALJ properly evaluated the medical opinion evidence.

(Doc. 11 at 9-26).

## VII. DISCUSSION

### A. Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing

[evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 891). Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's subjective pain testimony. (Doc. 11 at 10-14). The Court agrees.

1. Effectiveness of Treatment

Defendant argues that the ALJ reasonably found that Plaintiff's improvement with treatment was inconsistent with his allegations of disabling symptoms. (Doc. 15 at 5 (citing AR 891)). The effectiveness of treatment is a relevant factor to evaluating the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c), 416.929(c); *see Tommasetti*, 533 F.3d at 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). But improvement must be evaluated in light of the claimant's "overall diagnostic picture." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). "[A] person who makes some improvement" may nonetheless remain seriously limited "to function in a workplace." (*Id.*).

The ALJ cited reports of reduced low back pain, at times as lose as 2/10, with treatment compliance, as well as reduced shoulder pain with treatment. (AR 891, 892). Although the cited treatment records reflect some symptomatic improvement, many predate Plaintiff's August 2019 alleged onset date and therefore of limited relevance. see *Pacheco v. Berryhill*, 733 Fed. App'x 356, 360 (9th Cir 2018) (citing *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1165 (9th Cir. 2008) ("evidence that predates the alleged onset date of disability is of limited relevance."). Moreover, the records generally document only partial or temporary relief, while Plaintiff continued to report pain and discomfort despite physical therapy, massage, chiropractic care, surgery, and epidural steroid injections. (AR 325-26 (June 2019 exam noting lumbar complaints

include "sharp, tingling, aching discomfort varying with activity with the worst being 7/10), 331-33 (November 2018 exam noting he has "done well" after second back surgery but "continues to have problems relating to lower back"), 357 (December 2017 physical therapy noting improvement but continuing discomfort), 370 (October 2017 postoperative visit noting improvement of left leg pain and mild lower back pain), 594 (March 2020 reporting 80% improvement several weeks after epidural steroid injections at L3-L4), 596 (January 2020 reporting return of low back pain in the last six months with pain radiating to left leg, numbness, tingling, and weakness; and reporting short-term relief with chiropractic care), 600 (November 2018 reporting 80% improvement in symptoms post-surgery with mild low back pain), 602 (October 2018 reporting same), 604 (September 2018 reporting mild low back pain and no leg pain), 800 (August 2000 reporting 70% improvement with less leg and back pain), 804 (May 2000 reporting 80% improvement but return of symptoms including bilateral pain and radiation down legs, numbness, tingling, and weakness), 1254 (June 2022 reporting 60% relief of left side and low back pain post-epidural steroid injection but pain is still present and moderate), 1393 (August 2024 reporting improved shoulder pain after steroid injection).

Further, as the ALJ acknowledged, the record during the relevant adjudicatory period contains objective and clinical evidence consistent with ongoing impairments. For example, imaging showed moderate lumbar degenerative changes, disc herniation, spondylosis, nerve-root compression, and disc protrusions. (AR 301, 839-40). An EMG was abnormal. (AR 683). Treatment records also document chronic low back pain and radiating lower body pain, weakness, numbness, an antalgic gait, lumbar tenderness and subluxation, reduced lumbar range of motion, positive straight-leg-raise testing, diminished strength and sensation, and right shoulder tenderness and pain with range of motion. (AR 891 (citing AR 594, 596, 646, 648-52, 654, 657, 660, 663, 666, 669, 672, 675, 678, 680-81, 804-05, 1252, 1255, 1259-60, 1262-63, 1266, 1269, 1270, 1273-74, 1277, 1283, 1296-97, 1386, 1402, 1405, 1408, 1411, 1415, 1426, 1429, 1433, 1437, 1444, 1448, 1451, 1455, 1459, 1461-62, 1469, 1472, 1477)).

Based on the foregoing, the ALJ's generalized reliance on improvement with treatment does not constitute a specific, clear, convincing reason supported by substantial evidence, for

discounting Plaintiff's symptom testimony.

2. Objective Medical Evidence

The ALJ found that the medical record supported no greater limitation than light work with the assessed "postural, manipulative, and environmental restrictions." (AR 892). Objective medical evidence is relevant to evaluating the severity and disabling effects of a claimant's symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *see also Young v. Saul*, 845 F. App'x 518, 520 (9th Cir. 2021); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). The ALJ may consider inconsistency between symptom testimony and objective medical evidence, but may not reject symptom testimony solely because it is not fully corroborated by such evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991) (en banc).

In support of this finding, the ALJ cited "equivocal evidence" from the relevant adjudicatory period of no acute distress, negative straight-leg-raise testing, negative nerve conduction findings, normal gait, ability to squat, full strength and sensation, preserved lower extremity range of motion, and reports of reduced pain with treatment. (AR 892 (citing AR 683, 1252, 1255, 1260, 1263, 1303, 1317)). But the record, including several of the same treatment records cited by the ALJ, also documents chronic low back and radiating lower body pain, weakness, numbness, antalgic gait, lumbar tenderness, lumbar back subluxation, reduced lumbar range of motion, positive straight-leg-raise testing, diminished strength and sensation, and right shoulder tenderness and pain with range of motion. (AR 891-92).

Thus, the cited evidence reflects mixed, rather than uniformly benign, clinical findings. On this record, the ALJ's generalized conclusion that the objective evidence was inconsistent with Plaintiff's alleged symptoms is not supported by substantial evidence.

Regardless, a lack of objective corroboration cannot independently support rejection of Plaintiff's symptom testimony. *Rollins*, 261 F.3d at 857; *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). As discussed below, the ALJ remaining rationale does not provide a valid basis for discounting Plaintiff's testimony. The ALJ therefore failed provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims.

On remand, the ALJ shall reconsider Plaintiff's symptom testimony.

B. Medical Opinion Evidence

Plaintiff also challenges the ALJ's evaluation of opinions from treating physician William Foxley, M.D.; treating chiropractor Michael Houston, D.C.; state-agency reviewing physician L. Tanaka, M.D.; and, examining psychologist Kellie Sulier, Psy.D. (Doc. 11 at 14-26). Because reconsideration of Plaintiff's symptom testimony and the underlying medical evidence may affect the evaluation of these opinions, the Court need not resolve each challenge in detail.

The Court nonetheless is compelled to note that the ALJ found the opinions of Dr. Tanaka, Mr. Houston, and Dr. Foxley unpersuasive primarily because they were allegedly inconsistent with the overall medical record. (AR 893–94.) In each instance, the ALJ relied on substantially the same evidence cited to discount Plaintiff's symptom testimony: findings of normal gait and full strength, equivocal objective findings, and reports of improvement with treatment. (*See* AR 892–94.)

For the reasons discussed above, that reasoning is not supported by substantial evidence. Many of the records on which the ALJ relied predate Plaintiff's alleged onset date, while the record also demonstrates ongoing pain and functional symptoms despite compliance with recommended interventional treatment. (*See supra*, § A.1). The ALJ also did not adequately reconcile the cited evidence with contrary clinical findings and evidence of continuing symptoms.

On remand, the ALJ shall reevaluate the medical opinion evidence after reconsidering Plaintiff's symptom testimony and the medical evidence as a whole.

C. Remedy

Plaintiff contends that the proper remedy in this case is a remand for further administrative proceedings. (Doc. 11 at 27). The Court agrees. An award of benefits is unwarranted where further proceedings would serve a useful purpose, including where the record contains unresolved factual issues or conflicting evidence. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014).

Because the ALJ improperly evaluated Plaintiff's symptom testimony, the resulting RFC assessment and vocational expert hypothetical may not be supported by substantial evidence. The record also presents unresolved factual issues regarding the extent of Plaintiff's limitations.

On remand, the ALJ shall reconsider Plaintiff's symptom testimony, reevaluate the medical opinion evidence, reassess Plaintiff's RFC and conduct a new sequential analysis. The ALJ shall obtain additional vocational expert testimony if necessary, based on the hypothetical incorporating all of the limitations the ALJ credits.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Summary Judgment (Doc. 11) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. 15) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated: September 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE